IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MICHAEL EDWARD HOOVER, } | |
| TDCJ-CID NO.1005458, } | |
|       Petitioner, } | |
| v. } | CIVIL ACTION NO. H-O7-2964 |
| } | |
| NATHANIEL QUARTERMAN, } | |
|       Respondent. } | |

## OPINION ON DISMISSAL

Petitioner Michael Edward Hoover, an inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2000 state court felony convictions. For the reasons that follow, the Court will dismiss the petition pursuant to 28 U.S.C. § 2244(d) because it is barred by the governing statute of limitations.

## PROCEDURAL HISTORY

Petitioner reports that on June 28, 2000, pursuant to a plea of guilty, he was convicted in the 230th Criminal District Court of Harris County, Texas, of two counts of aggravated sexual assault and sentenced to forty years confinement in TDCJ-CID. Petitioner's convictions were subsequently affirmed and his petition for discretionary review ("PDR") was refused on January 12, 2005. *Hoover v. State*, Nos. 01-00-00917-CR, 01-00-00918-CR (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd) (not designated for publication). Although petitioner did not file a petition for writ of *certiorari* with the United States Supreme Court, his time to do so expired ninety days after the PDR was refused. SUP. CT. R. 13.1. Thus, petitioner's convictions became final for purposes of federal habeas corpus review on or about April 12, 2005. *See* 28 U.S.C. § 2244(d)(1)(A).

Petitioner filed a federal habeas petition on or about December 21, 2005, in this Court. On October 6, 2006, the Court dismissed without prejudice, petitioner's federal habeas petition for failure to exhaust state law remedies. *Hoover v. Quarterman*, Civil Action No. H-05-4351 (S.D. Tex. Oct. 11, 2006). Thereafter, on December 4, 2006, petitioner filed two state habeas applications in the 230th Criminal District Court. The Texas Court of Criminal Appeals denied the applications without written order on the trial court's findings without a hearing on August 1, 2007. (Docket Entry No.1); *see also Ex parte Hoover*, Application Nos. 67,810-01, 67,810-02, Texas court website. Petitioner filed the pending habeas petition in early September, 2007. (Docket Entry No.1). Therefore, petitioner's petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). *Lindh v. Murphy*, 521 U.S. 320 (1997). Petitioner seeks federal habeas relief on grounds that he was denied the effective assistance of counsel and due process during the sentencing phase of trial. (Docket Entry No.1).

## ONE-YEAR STATUTE OF LIMITATIONS

Under AEDPA, habeas corpus petitions are subject to the one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

(d)(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

    (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed,

2

>>if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2). The one-year limitations period became effective on April 24, 1996, and applies to all federal habeas corpus petitions filed on or after that date. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh*, 521 U.S. 320). Because petitioner's federal petition was filed well after that date, the one-year limitations period applies to his claims. *Flanagan*, 154 F.3d at 198.

Although the statute of limitations is an affirmative defense, the courts are authorized to raise such defenses *sua sponte* in habeas actions. *Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999). Under the provisions of the AEDPA, petitioner's one-year limitation period began on April 12, 2005, the last day petitioner could have filed a petition for writ of *certiorari* in the United States Supreme Court. That date triggered the one-year limitations period which expired on April 12, 2006.

Petitioner's state habeas applications were pending before the Texas Court of Criminal Appeals from December 4, 2006 until August 1, 2007, at which time the Texas Court of Criminal Appeals denied relief. Because petitioner's state applications for habeas corpus relief

were not filed until December 4, 2006, after the expiration of the April 12, 2006 deadline, the tolling provisions found in § 2244(d)(2) do not apply. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period).

Petitioner seeks equitable tolling of the limitations period, presumably because the Court granted him an extension in his first habeas action. (Docket Entry No.7). Petitioner claims that "[a]fter filing with the permission of the United States Magistrate Judge Frances H. Stacy[,] the [S]tate insisted that I finish all state law remedies and I was dismissed without prejudice on October 6, 2006. (*Id.*). He also claims that he has diligently pursued collateral relief because he filed the pending habeas action one month after his state habeas applications were denied. (*Id.*).

Petitioner further contends that he was unable to file a federal habeas petition for approximately twenty days in 2005 because he was recovering from surgery and for eighty days because of lock-downs and transfers to other TDCJ units. (*Id.*).

The one-year limitations provision of the AEDPA "does not operate as a jurisdictional bar and can in appropriate exceptional circumstances, be equitably tolled." *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). "As a general rule, equitable tolling operates only 'in rare and exceptional circumstances' where it is necessary to 'preserve[ ] a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002) (quoting *Davis*, 158 F.3d at 810-11). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). Neither excusable neglect nor

ignorance of the law is sufficient to justify equitable tolling. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).

The record shows that petitioner filed his first habeas petition on December 21, 2005, with approximately four and one-half months remaining in the AEDPA limitations period. *See Hoover v. Dretke*, Civil Action No.H:05-4351 (S.D. Tex. Oct. 10, 2006) (Docket Entry No.1). The record also shows that this Court granted respondent, and not petitioner, a thirty-day extension to file an answer in petitioner's first habeas action. *Id.* at Docket Entry No.11. The record further shows that respondent filed a motion for summary judgment on May 26, 2006, to which petitioner filed a response on June 29, 2006. *Id.* at Docket Entries No.12, No.16. Thereafter, the Magistrate Judge submitted a Memorandum and Recommendation, recommending that summary judgment be granted and the case dismissed without prejudice for failure to exhaust state court remedies. *Id.* at Docket Entry No.18. Upon petitioner's consent on September 11, 2006, three months after respondent consented, the case was transferred to the Magistrate Judge, who granted respondent's motion for summary judgment and dismissed the habeas action. *Id.* at Docket Entry No.21. After dismissal of his first federal habeas petition, petitioner waited almost two months before filing his state habeas applications. (Docket Entry No.1).

Nothing in the Memorandum and Recommendation or the Order Granting Respondent's Motion for Summary Judgment in Civil Action No.H-05-4351 can be construed as abating petitioner's first federal habeas petition or implying that the statute of limitations would not apply to the refiling of the petition upon exhausting state remedies. *Cf. Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002) (noting the absence of affirmative statements on which the petitioner could have relied). Petitioner's misunderstanding of the Court's Order granting

5

respondent an extension to file an answer does not justify equitable tolling of the limitations period. *See Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999) (holding ignorance of the law does not excuse failure to timely file petition). Moreover, petitioner's seven and one-half month delay in filing his first federal habeas petition and his two month delay in filing his state habeas applications after the dismissal of his first federal habeas petition, do not give rise to finding that petitioner diligently pursued collateral relief. "Equity is not intended for those who sleep on their rights." *Fisher*, 174 F.3d at 713 n.11 (quoting *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir.1989)). Furthermore, the twenty days petitioner claims that he spent in recovery and the eighty days he spent in lock-down and transit do not constitute rare and exceptional circumstances that would warrant equitable tolling of the limitations period. Petitioner's request for equitable tolling (Docket Entry No.7) is therefore, DENIED. To the extent that petitioner seeks an extension of time to file an additional response to this Court's Order of October 10, 2007, regarding the limitations bar, the Court observes that petitioner has had more than a month to file a supplemental statement. (Docket Entry No.7). The Court, therefore, DENIES petitioner's request for additional time to file such a response.

Petitioner has not alleged that he was subject to state action that impeded him from filing his petition in a timely manner. *See* 28 U.S.C. § 2244(d)(1)(B). Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously. *See* 28 U.S.C. § 2244(d)(1)(C), (D). Accordingly, the Court finds that petitioner's federal petition is barred by the AEDPA's one-year limitation period and, therefore, this action is DISMISSED.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted).  Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001).  On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling."  *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000).  A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  The Court has determined that petitioner has not made a substantial showing that reasonable jurists would find the Court's procedural ruling debatable; therefore, a certificate of appealability from this decision will not issue.

## CONCLUSION

Accordingly, the Court ORDERS the following:

1. Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DENIED.

2.       This cause of action is DISMISSED with prejudice.

3.       A certificate of appealability is DENIED.

4.       All other pending motions, if any, are DENIED.

SIGNED at Houston, Texas, this 12th day of December, 2007.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE